UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARRY WAYNE ADAMS, ) | |
| ) | |
| Petitioner, ) | Case No. 1:06-cv-785 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| STATE OF MICHIGAN, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM OPINION**

This habeas corpus action is before the court on petitioner's objections to the report and recommendation of the magistrate judge. On November 17, 2006, Magistrate Judge Joseph G. Scoville issued a report and recommendation, recommending that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts. Petitioner has filed a "Notice of Objection to Report and Recommendation by Affidavit," which the court will construe as a timely objection lodged pursuant to 28 U.S.C. § 636(b)(1)(B). The court affords *de novo* review to objections to a report and recommendation on dispositive matters. FED. R. CIV. P. 72(b).

The petition and the attachments to petitioner's objections show that petitioner is presently on bond in the Calhoun County Circuit Court pursuant to an amended Felony Information dated November 1, 2006, charging him with wilful failure to pay child support. MICH. COMP. LAWS § 750.165. The amended Information further charges that petitioner is a third felony offender, having previously been convicted in the state circuit court of parental kidnaping -- custodial

interference, MICH. COMP. LAWS § 750.350a(1), and a previous charge of wilful failure to pay child support. The amended Information alleges that petitioner is more than $18,000.00 in arrears on his child support obligations. The gravamen of the habeas corpus petition is an attack on the substance of the Michigan statute requiring the payment of child support, which petitioner asserts violates the constitutional prohibition against involuntary servitude, U.S. CONST., Am. XIII, and federal laws prohibiting peonage.

As the magistrate judge correctly pointed out, a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 may be maintained only by a person "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). As the charges in the amended Information are presently pending and no judgment has entered, habeas relief under § 2254 is unavailable. Although 28 U.S.C. § 2241 establishes an independent basis for jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the federal court must abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id.* Thus, the federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Id.* The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner

has not alleged that he has exhausted his state remedies, nor could he, as the amended Felony Information is less than a month old. Petitioner's substantive challenge to the constitutionality of the state statute under which he has been charged may be resolved by a trial on the merits or on appeal and no extraordinary circumstances are alleged. Accordingly, federal habeas corpus relief to petitioner is unavailable under either section 2241 or section 2254 at this juncture.

The magistrate judge also correctly concluded that petitioner's damage claims arising from allegedly unlawful search, seizure, prosecution and detention are not properly raised in a habeas corpus petition. The proper vehicle to raise such claims is a civil rights action under 42 U.S.C. § 1983.

Having reviewed all matters *de novo*, the court concludes that the habeas corpus petition is subject to summary dismissal under Habeas Rule 4. An judgment denying the petition will be entered.

Date:   December 7, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE